IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

JULIO ANGEL NARVAEZ VELEZ
DENISSE IVETTE BURGOS SOTO

    Debtors

JULIO ANGEL NARVAEZ VELEZ
DENISSE IVETTE BURGOS SOTO

    Plaintiffs

     vs.

BELLVER ESPINOSA LAW FIRM

    Defendant

CASE NO. 19-05265 (ESL)

CHAPTER 13

ADV. PROC. NO. 20-00054 (ESL)

OPINION AND ORDER

This case is before the court upon the *Motion to Dismiss Complaint* filed by the Defendant Bellver Espinosa Law Firm ("Bellver") (Docket No. 20)*; the *Response to Motion to Dismiss or, in the Alternative, Motion for Issuance of New Summons and to Enlarge Time to Serve Defendant Pursuant to Rule 7004(m)* filed by the Plaintiffs, Julio Angel Narvaez and Denisse Ivette Burgos Soto (Docket No. 88); and the Defendant's *Reply to Plaintiff's Response to Defendant's Motion to Dismiss* (Docket No. 36).

Relevant Procedural History

The Debtors filed the present adversary proceeding on April 22, 2020, alleging that the Defendant had incurred in "deceptive collection practices" to collect a consumer debt (Docket No. 1). Essentially, the Plaintiffs allege that the Defendant sent to the Debtors a "demand letter", which was an initial communication pursuant to the Fair Debt Collection Practice Act ("FDCPA"), stating that the Debtors had thirty (30) days from the date of the mailing of their communication

to pay the alleged mortgage arrears owed to Banco Popular de Puerto Rico (BPPR) or to dispute the debt; thus, violating the FDCPA's section 1692(g)(3), which provides that the collector must state in the initial communication that the recipient has thirty (30) days from the receipt of the notice to dispute the debt, amongst other violations. The Debtors further argue that the collector made a false representation by mischaracterizing the amount of the debt, stating that the amount owed was $6,419.71 when the Defendant new that the amount owed was a lesser amount.

Summons were issued on April 22, 2020 (Docket No. 2). On April 30, 2020, the Plaintiffs filed a certificate of service, certifying that they had served Bellver Espinosa Law Firm through certified mail (Docket No. 7). On June 4, 2020, the Plaintiffs filed a *Motion Requesting Entry of Default* alleging that the Defendants had failed to answer the Complaint (Docket No. 11). On June 5, 2020, the court entered an Order denying the *Plaintiffs' Request for Entry of Default* for failure to comply with Fed. R. Civ. P. 55(a), made applicable by Fed. R. Bank. P. 7055 (Docket No. 12).

On August 13, 2020, Bellver Espinosa Law Firm filed a *Notice of Appearance and Request for Notice* (Docket No. 15). On August 20, 2020, The Plaintiffs filed their *Motion Submitting documents* which included the certified mail receipt sent to Bellver Espinosa Law Firm (Docket No. 16). Furthermore, an *Amended Complaint* was filed on August 21, 2020 (Docket No. 18).

On September 4, 2020, Bellver filed a *Motion to Dismiss Adversary Proceeding* (Docket No. 20). The Defendant alleges that the Plaintiffs had admitted at docket no. 16 that the envelope containing the copy of the complaint and summons was returned to the attorney's office as undelivered. Furthermore, Bellver argues that the summon is defective as it was addressed to Bellver Espinosa Law Firm which is an unincorporate business and not to Mr. Alejandro Bellver Espinosa. The Defendant further states that the Plaintiffs had not shown good cause for the failure to effectively serve the Defendant and that the Complaint should be dismissed pursuant to Rule 4 of the Rules of Civil Procedure and Rule 7004 of the Federal Bankruptcy Rules of Bankruptcy Procedure, as the court lacks personal jurisdiction over the Defendant. Bellver alleges that the Plaintiffs should have served the complaint to the attention of an officer or other agent authorized as provided in Rule 7004(b)(3). Bellver states that: "Plaintiff-debtor mailed the complaint and summons on April 30th, 2020 (Docket No. 16), however according to Plaintiff-debtor's counsel, the envelope was returned "undeliverable". Plaintiff- debtor knew that service was insufficient, as the envelope was not rejected nor the address was insufficient or vacant. As admitted by Plaintiff's counsel, the returned envelope came back as "undeliverable", probably because at that moment, Mr. Bellver Espinosa was working remotely and so was the office staff due to the Coronavirus

Pandemic. Plaintiff- debtor failed to request this Honorable Court for the reissuance of summons when the summons issued at Docket No. 2 became stale. Plaintiff-debtor also failed to diligently prosecute their case allowed for the 90-day period to complete service expire."

On October 24, 2020, the Plaintiffs filed their *Response to Motion to Dismiss, or, In the Alternative, Motion for Issuance of New Summons and to Enlarge Time to Serve Defendant Pursuant to Rule 7004(m)* (Docket No. 28). The Plaintiffs argue that the court had obtained personal jurisdiction of the Defendant, as summons to attorney Bellver were mailed on April 30th, 2021 and sent "to the place where the individual regularly conducts a business or profession" pursuant to Fed. R. Bank. P.7004(b)(1). The Plaintiff argues that Rule 7004(b)(3) is inapplicable as Bellver Espinosa Law Offices is a d/b/a of Attorney Alejandro Bellver Espinosa and not a corporate entity or an association.

However, if the service was deficient, which Plaintiffs deny, good cause exists considering that "Bell[]ver knew of the underlying suit, upon this knowledge solicited and obtained an agreement from Plaintiff to hold in abeyance service/answers/default and, once such agreement was in place, proceeded to refuse and/or return the properly perfected service of process." Furthermore, even if good cause is not present, the Plaintiffs alleges that the court may enlarge the period for service of process if the balancing of factors weigh in favor of plaintiff. The plaintiff argues that the balancing factors weight in its favor, considering that: (a) the statute of limitations would have run if the case is dismissed; (b) Plaintiff was diligent; (c) Defendant knew of the underlying suit; and (d) granting the motion does not create an undue burden to the Defendants. The Plaintiffs argue that the Defendants submitted themselves to the jurisdiction of the court when attempting a Rule 68 Offer of Judgment and a Rule 9011 Letter. Additionally, the Plaintiffs alleged that Bellver intentionally declined and/or returned service. Furthermore, the Plaintiffs argue that Bellver created a "reasonable expectation" in the Plaintiffs that he would prosecute his defense on the merits; thus, waiving any objection to personal jurisdiction.

On October 20, 2020, Bellver Espinosa Law Firm filed a *Reply to Plaintiff's Response to Defendant's Motion to Dismiss* (Docket No. 36). Bellver alleges that, even if servicing the summons pursuant to Rule 7004(b)(1), the service was incorrectly done as the Plaintiffs did not address the summons to the proper defendant which would be Mr. Alejandro Bellver. Bellver further argues that neither the Complaint nor the Amended Complaint mentions Alejandro Bellver Espinosa as Defendant. Bellver argues that "[p]laintiffs-Debtors are trying to amend their failure to serve with process by alleging that the complaint is against Alejandro Bellver Espinosa, however, the

-3-

complaint was actually filed against Bellver Espinosa Law Firm. Be it that Bellver Espinosa Law Firm is either an unincorporated business, entity, or, as Plaintiff-debtors state, a sole proprietorship, then service of summons should have been directed to Mr. Alejandro Bellver. Therefore, service of process was insufficient and defective either under Rule 7004(b)(3) or Rule 7004(b)(1). Simply put, Plaintiffs-debtors have moved the judicial machinery against an unincorporated business or entity, or a sole proprietorship, as Plaintiff-debtors argue. Therefore, service of summons should have been directed to Mr. Alejandro Bellver, either under Rule 7004(b)(1) or 7004(b)(3)." Additionally, Bellver argues that the Plaintiffs were not diligent in effecting proper service and no good cause to enlarge the period has been shown. Bellver states that Plaintiff knew of the possibility of filing an adversary proceeding since the filing of the voluntary petition and included the claim against Bellver in their schedules. However, the complaint was filed 7 months after the filing of the voluntary petition and three days before the statute of limitations expiration date.

Bellver further argues that an Offer of Judgment cannot be considered as a waiver of an objection to personal jurisdiction and that Bellver raised the personal jurisdiction defense in its *Notice of Appearance*, as per Rule 12(b)(1). Bellver additionally requests the court to strike the offer of judgment as it was filed in disregard of Rule 68(a).

Issue

The issue before the court is whether the Plaintiffs made proper service. If so, the Motion to Dismiss should be denied. However, if the Plaintiffs failed to properly serve the Defendant, then the court must evaluate if cause exist to allow the issuance of new summons.

Applicable Law and Analysis

Service of process

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987). Fed. R. Civ. P. 4, made applicable in bankruptcy cases by Fed. Bankr. R. 7004, establishes the procedures for the proper issuance and service of a summons. See Laboy v. Firstbank P.R. (In re Laboy), Nos. 93-00753, 09-00047, 2010 Bankr. LEXIS 345, at *27 (Bankr. D.P.R. Feb. 2, 2010)

Fed. R. Bankr. P. 7004 provides for either personal service of the summons and the complaint, or alternatively, service may be made within the United States by first class mail postage prepaid. Rule 7004(b)(1) provides that an individual may be served by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of adobe or to the place where the individual regularly conducts a business or profession. Rule 7004(b)(3) provides

-4-

that a corporation may be served by mailing the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant. When serving by mail, proper service under either Rule 7004(b)(1) or (b)(3) is necessary to establish personal jurisdiction. See Maloni v. Fairway Wholesale Corp. (in Re Maloni), 282 B.R. 727, 731 (B.A.P. 1st Cir. 2002).

The plain language of Rule 7004 indicates that service is complete upon such mailing. There is no requirement that the summons and complaint actually be received. In Re Laboy at *29-30. See also Flores v. Safadi (In re Safadi), 431 B.R. 478, 481 (Bankr. D. Ariz. 2010); Moglia v. Lowitz & Sons (In re Outboard Marine Corp.), 359 B.R. 893, 898 (Bankr. N.D. Ill. 2007); Bak v. Vincze (In re Vincze), 230 F.3d 297 (7th Cir. 2000) and United States Tr. v. Clark (In re Clark), 2007 Bankr. Lexis 525 (Bankr. S. D. Iowa 2007) ("In Bankruptcy Court, Rule 7004 governing service of process in adversary proceedings significantly abbreviates the procedures permitting service of a summons and complaint by first class mail. Unlike the Federal Rules of Civil Procedure, no acknowledgment of receipt of service is required under the Federal Rules of Bankruptcy Procedure"); (Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy, ¶7004.03 (15th ed. 2009).

Fed. R. Civ. P. 4(m) incorporated by Bankruptcy Rule 7004(a) provides a time limit for service. Fed. R. Civ. P. 4(m) establishes that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). "What is 'good cause' for the failure to serve within [][90] days will vary in each case, but diligence upon the part of the plaintiff in attempting to locate and serve the defendant and lack of prejudice to the defendant by reason of the delay are factors." Alan N. Resnick & Henry J. Sommer, 10 Collier on Bankruptcy, ¶7004.02[13] (15th ed. 2009). "Application of Rule 4(m) requires a two-step analysis. First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or extend the time period." See Laboy v. Firstbank P.R. (In re Laboy), Nos. 93-00753, 09-00047, 2010 Bankr. LEXIS 345, at *30-31 (Bankr. D.P.R. Feb. 2, 2010).

Fed. R. Civ. P. 12(b)(2) and 12(b)(4) made applicable by Fed. R. Bankr. P. 7012(b)(2) and 7012(b)(4) provide that the defenses of lack of personal jurisdiction and insufficiency of process must be presented in the first responsive pleading. Fed. R. Civ. P. 12(b)(2) and 12(b)(4). A motion pursuant to Fed. R. Civ. P. 12(b)(2) is used to challenge the existence of jurisdiction over the person. Fed. R. Civ. P. 12(b)(4) or (b)(5) motions are used to challenge the manner in which process or service of process was performed. See Boateng v. Inter Am. Univ., 188 F.R.D. 26, 27 (D.P.R. 1999). "Objections to sufficiency of process or the service of process 'must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized.'" 2-12 Moore's Federal Practice- Civil § 12.33[1] quoting O'Brien v. R.J. O'Brien Assocs., 998 F. 2d 1394, 1400 (7th Cir. 1993). The movant has the burden of proof in challenging the sufficiency of process pursuant to Fed. R. Civ. P. 12(b)(4). Id. The plaintiff bears the burden of demonstrating that personal jurisdiction exists. See Negron-Torres v. Verizon Communs., Inc., 478 F.3d 19, 21 (1st Cir. 2007). See Laboy v. Firstbank P.R. (In re Laboy), Nos. 93-00753, 09-00047, 2010 Bankr. LEXIS 345, at *31-32 (Bankr. D.P.R. Feb. 2, 2010)

In the instant case, Bellver first argued that service was insufficient because it was not addressed to the attention of an officer, a managing or general agent, or to an agent authorized or appointed by law, as required by Fed. R. Bankr. P. 7004(b)(3). Aditionally, Bellver argued that the attorney for the Plaintiffs had admitted that the summons were returned undelivered and that, therefore, the Plaintiffs new about the defects of the service.

The Plaintiffs argued in their response, that service did not need to be addressed to an agent considering that Bellver is an unincorporated business and consequently the applicable provision is Fed. R. Bankr. P. 7004(b)(1) which refers to service to individuals. The plaintiffs argue that they did perform adequate service by mailing a copy of the complaint and the summons to the place where Attorney Alejandro Bellver "regularly conducts a business or profession." Bellver does not deny that Bellver Espinosa Law Offices is not an incorporated business, however contends that the service is defective as it was not addressed to the sole proprietor of the sole proprietorship or "doing business as", Mr. Alejandro Bellver and that the summons were directed to an inexistent entity. Citing Coldwell Banker Manning Realty, Inc. v. Cushman & Wakefield of Connecticut, Inc., 136 Conn. App. 683, 47 A.3d 394, 398 (Conn. App. Ct. 2012), Bellver alleges that "the trade name of a legal entity does not have a separate legal existence, a plaintiff bringing an action in a trade name cannot confer jurisdiction on the court." As opportunely argued by Bellver neither the complaint nor the amended complaint mentions Alejandro Bellver Espinosa as a defendant.

The court finds that in the present case service is defective as it does not comply with Fed. R. Bankr. P. 7004(b)(1). Although the service was performed timely and to the correct address, the complaint and the summons were addressed to Bellver Espinosa Law Offices, which is not an existing entity[1]. Although the Plaintiffs argue that sending the complaint and the summons to the correct address is sufficient, the court does not agree and emphasizes that addressing the summons and the complaint to the incorrect name does not confer the court with personal jurisdiction.  The issue of defective service stems from the defect of the complaint and the amended complaint, which fails to identify the correct Defendant and/or mistakenly names the Defendant. Additionally, the Debtors have failed to amend the complaint to effectively name the defendant.

Rule 15 of the Fed. R. Civ. P. made applicable in bankruptcy through Fed. R. Bankr. P. 7015 allows amendments to complaints related to changes of parties or the naming of a party against who a claim is asserted if the party to be brough in by amendment: (1) received such notice of the action that it will not be prejudiced in defending on the merits; and (2) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. See Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 130, S. Ct. 2485 (2010). Furthermore, Rule 15 of the Fed. R. Civ. P. provides that an amendment which changes the party or the naming of the party against whom a claim is asserted relates back to the date of the original complaint if and only if the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. Leonard v. Parry, 219 F.3d 25 (1st Cir. 2000). "Under Fed. R. Civ. P. 15(c)(3), relation back to substitute a proper party will be permitted when a tripartite test is met. First, the claims or defenses in the original pleading and amended pleading must share some commonality. Second, the proper party defendant must have, within the period as prescribed in *Fed. R. Civ. P. 4(m)*, received notice of the suit such that it will not be prejudiced in maintaining a defense on the merits. Third, the proper party must have known or should have known that, but for the misnomer, it would have been named as a party. See *Fed. R. Civ. P. 15(c)(3)*; *Leonard v. Parry, 219 F.3d 25, 28 (1st Cir. 2000)*." Brandt v. Midway Health Care Ctr. (In re Newcare Health Corp.), 274 B.R. 307, 312 (Bankr. D. Mass. 2002).

---

[1] The court notes that even if Bellver Law Offices was a corporation, service was defective as it was not addressed to the attention of an officer, a managing or general agent, or to an agent authorized or appointed by law, as required by Fed. R. Bankr. P. 7004(b)(3).

However, as stated before, the Plaintiffs did not amend the complaint to include the correct party pursuant to Rule 15 of the Fed. R. Civ. P.

Although the Plaintiffs amended the complaint on August 21, 2020, to include new allegations against the Defendants, they failed to amend it to include the adequate party. The Plaintiffs did not request the issuance of new summons. Therefore, the amended complaint, which includes new substantive allegations, was not properly served either.

Furthermore, pursuant to Fed. R. Bankr. P. 7015 the Plaintiffs have a right to amend the complaint as a matter of course once within:

"(A) 21 days after serving it; or

(B) if the pleading is one to which responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a Motion under Rule 12(b), (e), or (f) whichever is earlier." Fed. R. Civ. P. 15(a)(1)

"In all other case, a party may amend its pleading only with the other party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P.15(a)(2).

The court notes that the alleged service to the Defendant was performed on April 30, 2020. See Docket No. 16. The Amended Complaint was filed on August 21, 2020, that is, after the 21-day period granted by Fed. R. Civ. P. 15(a) to amend a complaint as a matter of course and without leave of the court, in contradiction to Fed. R. Civ. P. 15(a)(2). However, the Plaintiffs had an opportunity to amend the complaint and correct its deficiencies as a matter of course and pursuant to Fed. R. Civ. P. (a)(1)(b) after the Defendant filed his *Motion to Dismiss* but failed to do so. The Plaintiffs responded by alleging that service was proper and requesting the opportunity to serve new summons if the court determined that service was improper. Nevertheless, the deficiencies of the service stem from a deficient complaint, and new summons would not correct the complaint insufficiencies.

Moreover, if an amendment cannot be made as a matter of course, the Plaintiffs must seek the consent of the Defendant or leave from the court. A leave to amend must conform to Fed. R. Civ. P. 7, made applicable in bankruptcy through Fed. R. Bankr. P. 7007. However, a trial court may not mindlessly grant every request for leave to amend. See Aponte-Torres v. Univ. of P.R., 445 F.3d 50 (1st Cir. 2006). "When a proffered amendment comes too late, would be an exercise in futility, or otherwise would serve no useful purpose, the district court need not allow it." *Id.* At 58. A court may deny leave to amend when the request is characterized by "undue delay, bad faith,

futility, [or] the absence of due diligence on the movant's part." Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 390 (1st Cir. 2013). "Whether the plaintiff, by rule or court order, had a prior opportunity to amend is one data point to be taken into account". *Id. referencing* ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 56-57 (1st Cir. 2008). When "a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." *Id. referencing* Hayes v. New Eng. Millwork Distribs., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979).

Although the Rules of Civil Procedure are meant to be interpreted liberally and the court has wide discretion to allow amendments pursuant to Fed. R. Civ. P. 15[2], the court may not ignore that the parties must request the procedural remedies provided in them. Although dismissal in the present case entails the expiration of the statute of limitations pursuant to the Fair Debt Collection Practice Act, the court notes that the Plaintiffs' compliance with the Fed. R. Civ. P. may have remedied any issue related to the deficiencies of the complaint but have failed to do so. The Plaintiffs have also failed to provide to the court with adequate justification to the delay or the repeated failure to cure the deficiencies. The Plaintiffs had available mechanisms to approach the procedural deficiencies of the complaint but chose not to employ them. They rather focused on modifying substantive allegations as evinced by the amended complaint but fell short in essential procedural aspects. Therefore, and for the reasons stated herein, the court grants the Defendant's Motion to Dismiss.

Conclusion

In view of the foregoing, the court grants the *Motion to Dismiss* (Docket No. 20) filed by Bellver.

Judgment will be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 21st, day of May, 2021.

Enrique S. Lamoutte
United States Bankruptcy Judge

---

[2] See Brandt v. Midway Health Care Ctr. (In re Newcare Health Corp.), 274 B.R. 307 (Bankr. D. Mass. 2002).